## CHISHOLM ET AL. *vs.* ARRINGTON ET AL.

[BILL OF INTERPLEADER.]

1. *Contract to pay specified sum of money in gold; measure of damages for breach of.*—The damages for non-performance of a contract to pay a specified sum of money in gold or its equivalent, must be assessed at the sum agreed to be due, with interest, in gold and silver coin, and judgment rendered for that amount and costs.

APPEAL from the Chancery Court of Montgomery. Heard before the Hon. A. C. FELDER.

On the 13th day of February, appellants executed a note as follows:

"MONTGOMERY, ALA., February 13, 1867.

$1,072.88. On the first day of November next, we, or either of us, promise to pay William R. Pickett, administrator on the estate of A. J. Pickett, or order, one thousand and seventy-two dollars and eighty-eight cents *in gold, or its equivalent,* for value received, with interest from the 13th day of January last. M. A. CHISHOLM, SAMUEL W. HOUSE.

JOSIAH MORRIS, security."

On the 13th of October, 1868, appellants filed their bill in the chancery court of Montgomery, against Samuel L. Arrington, who claimed to be the owner and endorsee of said note, and who had brought suit on it in the circuit court, and against F. C. Randolph, who claimed said note as administrator of Mrs. Corinne Randolph, deceased, praying that they be required to interplead together; and that said Arrington be enjoined from further proceedings on said suit, and for general relief.

On November 28th, 1868, on the hearing, the chancellor decreed—"1st. That defendants be required to interplead as prayed for. 2d. That complainants (appellants) pay the amount of the note mentioned in their bill, and interest in gold, or $1,234.47, its equivalent, in legal tender treasury-notes of the United States." Complainants appeal to the court, and assign for error that "the court erred in its decree in requiring payment in gold, or an equivalent amount of legal tender treasury-notes of the United States. No other error is assigned, and affirmance on all other points is desired."

WALKER, MURPHEY & WINTER, for appellants.
ELMORE & GUNTER, *contra.*

[No briefs came into the reporter's hands.]

B. F. SAFFOLD, J.—The sole assignment of error pre-

sents the question whether the court erred in decreeing that the amount due on a note which specified that payment was to be made in gold, or its equivalent, should be paid, principal and interest, in gold, or that a certain sum, in legal tender treasury-notes of the United States, ascertained to be its equivalent, should be paid.

The supreme court of the United States, at its last term, in the case of *Bronson v. Rodes*, has decided that there are two descriptions of money in use, both authorized by law, and both made legal tender in payments. The law making gold and silver coin a legal tender was not repealed, or modified, by the currency act making United States notes a legal tender. Contracts to pay in either are equally sanctioned by law. Express contracts to pay coin dollars can only be satisfied by the payment of coin dollars. The case of *Butler v. Horwitz*, at the same term, decides that the damages for non-performance of such contracts must be assessed at the sum agreed to be due, with interest, in gold and silver coin, and judgment rendered for that amount, with costs.

The court, in the first mentioned case, directs that when contracts payable in coin are sued on, the judgment should be rendered for coined dollars, and in other cases, for dollars generally.

Whether or not there is error in the decree for an equivalent amount of legal tender notes, we will not decide. The appellant, who is the debtor, is not injured by it.

The decree is affirmed.